## STATE *vs.* FRED. J. BARRETT.

PROVIDENCE—DECEMBER 9, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

Gen. Laws R. I. cap. 101, § 1, empowers, but does not require, the town council of a town or the board of aldermen of a city to adopt general regulations for keeping taverns, · victualing-houses, cook-shops, oyster-houses and oyster-cellars in such city or town.

It is the duty of a person who wishes to-open or keep open such a place to apply to the town council or board of aldermen for a license for that purpose, the provisions of the statute relating to the regulation of these places, by granting or refusing to grant such licenses, implying specific action on an application for the license.

INDICTMENT for opening and keeping open· a victualling-house, &c., without a license therefor. Heard on demurrer to the indictment.

MATTESON, C. J. The indictment charges in technical form that the defendant did open and keep open in the city of Providence a victualing-house, cook-shop and oyster-house, without first having obtained a license for so doing.

The defendant demurs to the indictment because it contains no averment that the board of aldermen of Providence has made any regulation relating to the license of such a place, and contends in support of the demurrer that until the board of aldermen has made such a regulation any person has a right to open and keep such a place.

Though Gen. Laws R. I. cap. 101, § 1, empowers the town council of a town, and, by construction, Gen. Laws R. I. cap. 26, § 8, the board of aldermen of a city, to regulate the keeping of taverns, victualing-houses, cook-shops, oyster-houses and oyster-cellars, in a town or city, by granting licenses for so doing, upon such compensation for the benefit of the town or city as they shall see fit, or by refusing to grant them, there is nothing in the section which requires them to adopt any general regulation for that purpose. We think that the contrary is implied, since the provision is that they are to regulate the keeping of such places by granting or refusing to grant licenses, which seems to contemplate specific action on an application for a license. This construction is confirmed, moreover, by a consideration of § 3 of the chapter, which makes it an offence punishable by fine to open or keep open a place of either of the kinds named without a license first had and obtained, thus putting on the person wishing to open or keep open such a place the duty of applying to the town council or board of aldermen, as the case may be, for a license for that purpose.

Our opinion is, therefore, that the indictment is not bad for want of the averment contended for, and that the demurrer should be overruled.

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

*Willard B. Tanner*, *Attorney-General*, for State.
*John M. Brennan*, for defendant.